UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

DAVID KNUDSON,

Plaintiff,

-against-

COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU HEALTH CARE CORPORATION, INC., MINOU ABSY-JAGHAD, M.D. (provider # 13996), HANI MEMBERS, P.A., JOHN and JANE DOE CORRECTIONAL CENTER Employees/Agents Nos. 1-10, and JOHN and JANE DOES Medical Providers, Nos. 11-20, all defendants in their individual and official capacities,

Defendants.

------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

17-cv-03629 (CBA)(VMS)

ECF Case

PLAINTIFF, DAVID KNUDSON, by his attorney, Katherine E. Smith, complaining of the defendants, respectfully alleges as follows:

## NATURE OF THE ACTION

1. PLAINTIFF, through undersigned counsel, brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Fourth Amendment of the United States Constitution, the Eighth Amendment of the United States Constitution, the Fourteenth Amendment of the United States Constitution and violations of the New York State Constitution as well as all areas of state and federal common and/or case law.

2. The nature of the claim is for deliberate indifference to PLAINTIFF's safety, failure to intervene, deliberate indifference to safety and medical treatment, violations of the

Americans with Disabilities Act, municipal liability, severe and permanent pain and suffering and all other damages allowed by statute and case law as a result of the carelessness, negligence, gross negligence, willful, unconstitutional conduct and intentional conduct of the Defendants, their agents, servants, deputies, and/or employees and other affiliates agencies and departments, without any contributory negligence on the part of the PLAINTIFF.

**JURISDICTION AND VENUE**

3. This action is brought pursuant to 42 U.S.C. Act of 1871, §§ 1983 and 1988, including its Fourth, Eighth, Fourteenth Amendments to the Constitution of the United States.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), as the incidents alleged herein occurred in this district.

**JURY DEMAND**

6. PLAINTIFF demands a trial by jury in this action.

**PARTIES**

7. At all times relevant herein, PLAINTIFF, DAVID KNUDSON, was a resident of the County of Nassau, State of New York.

8. Defendant COUNTY OF NASSAU, a municipal corporation, is a political subdivision of the State of New York. The COUNTY OF NASSAU is vicariously liable for and has ultimate responsibility for the NASSAU COUNTY CORRECTIONS CENTER, which is operated by the NASSAU COUNTY SHERIFF'S DEPARTMENT ("NCSD").

9. NASSAU COUNTY CORRECTIONS CENTER (“NCCC”) is located in East Meadow, New York, in the Eastern District of New York. The NCCC is a correctional facility, operated by the NCSD.

10. NASSAU COUNTY SHERIFF'S DEPARTMENT is a department of the Defendant County. It is headed by a Sheriff, who is its chief supervisor and administrator. The Sheriff, among other duties, oversees the operations of the NCSD, which includes the daily operation of the NCCC.

11. Defendants NASSAU HEALTH CARE CORPORATION (“NHCC”) has contracted with the County, NCCC, and/or the NCSD to provide health and medical services to the inmates of NCCC. NHCC is responsible for creating, implementing, and enforcing policies, practices, customs, guidelines, and protocols applicable to its duty and obligation to provide health and medical services to inmates of the NCCC.

12. NHCC was, at all relevant times herein, endowed by the County, NCCC, and/or NCSD with powers and functions that are governmental in nature so that NHCC became an agency or instrumentality of the County, NCCC and/or the NCSD, and, therefore, operated under color of state law, and was subject to all obligations, constraints, and/or limitations, of the United States Constitution, New York State Constitution, the County, the NCCC, and/or the NCSD.

13. That at all times mentioned herein, Defendant MINOU ABSY-JAGHAD, M.D. (provider # 13996) is a medical doctor duly licenced to practice medicine pursuant to the laws of the State of New York.

14. That at all times mentioned herein, Defendant MINOU ABSY-JAGHAD, M.D. held himself out to be duly qualified to render proper and adequate medical services to the public in general, and to PLAINTIFF in particular.

15. That at all times mentioned herein, Defendant MINOU ABSY-JAGHAD, M.D. was a servant, agent, and employee of Defendants the COUNTY OF NASSAU, NCSD, NCCC, and the NHCC.

16. That at all times mentioned herein, Defendant HANI MEMBERS, P.A. is a physician assistant duly licenced pursuant to the laws of the State of New York.

17. That at all times mentioned herein, Defendant HANI MEMBERS, P.A. held herself out to be duly qualified to render proper and adequate medical services to the public in general, and to PLAINTIFF in particular.

18. That at all times mentioned herein, DefendantHANI MEMBERS, P.A. was a servant, agent, and employee of Defendants the COUNTY OF NASSAU, NCSD, NCCC, and the NHCC.

19. That Nassau County Corrections Officers "John Does “1-10," and agents of the County, were at all times relevant to this Complaint employed by the NCCC. The identities of these defendants are presently unknown to PLAINTIFF; upon the completion of initial discovery, PLAINTIFF will seek leave of Court to provide the name of each such defendant.

20. Defendants "John and Jane Does 11-20" are employees, servants, agents, or independent contractors for NHCC, who performed duties and services, including as supervisors, at the NCCC at the relevant times herein. These Defendants include physicians,

nurses, physician's assistants, nurse practitioners, and other providers of healthcare to the inmates, including the PLAINTIFF, at NCCC. Their names are unknown at this time but are known to the Defendants.

21. Defendants, including supervisory Defendants, each acted under color of state law as agents of the County, NCCC and/or NHCC and were subject to all obligations, constraints, limitations, of the United States Constitution, New York State Constitution, the County, the NCCC, and/or the NHCC.

22. At all times relevant to this Complaint, all of the above-referenced defendants and other personnel known and unknown to PLAINTIFF were acting within the scope and course of their employment and under color of law.

23. At all times relevant to this Complaint, all defendants and other personnel known and unknown to PLAINTIFF acted in concert and conspiracy, and were jointly and severally responsible for the harms caused to PLAINTIFF.

## STATEMENT OF FACTS

24. At all times mentioned herein, PLAINTIFF was incarcerated at NCCC.

25. On or about September 29, 2019, at or around 10:00 a.m. PLAINTIFF was viciously attacked from behind by two (2) known gang members.

26. Specifically, PLAINTIFF was on the facility telephone when he was assaulted in full view of the Correction Officer Doe Defendants.

27. NCCC and NCCC Doe Defendants were on notice that PLAINTIFF's safety was at risk. Indeed, prior to the attack, PLAINTIFF informed the NCCC defendants stationed

within the housing area, that the specific inmates were threatening him and posed a threat to his safety and requested to be transferred or otherwise protected.

28. However, the Doe Defendants ignored PLAINTIFF's pleas even though the NCCC defendants knew that by doing so they placed PLAINTIFF in a serious risk to his safety.

29. During the attack, PLAINTIFF was hit numerous times in the head and body with contraband that his assailants obtained, causing severe injury.

30. PLAINTIFF was beaten to the ground causing deep lacerations to his head and pain about his body. As a result, PLAINTIFF sustained serious injuries, including, but not limited to, contusions, lacerations, vision loss, and permanent hearing loss.

31. The NCCC Doe Defendants had an opportunity to intervene to prevent and/or stop the attack, they failed to take any action.

32. This attack would not have taken place but for the actions and inactions of the Doe Correction Officer defendants.

33. Following the attack, PLAINTIFF was taken to Nassau University Hospital Medical Center for treatment of his injuries.

34. Upon return, the defendants failed to provide PLAINTIFF with appropriate follow up medical care in violation of NCCC and NHCC policies and accepted medical practices, which further exacerbated PLAINTIFF's injuries.

35. Specifically, PLAINTIFF complained to both NCCC staff and NHCC medical providers that he was having vision problems and hearing loss following the assault.

36. Specifically, on October 1, 2019, plaintiff presented on a wheelchair for an Urgent Care Assessment and was seen by MINOU ABSY-JAGHAD, M.D. (13996). Plaintiff complained of blurred vision, right hand numbness, nausea and dizziness, and ringing in both ears. Dr. ABSY-JAGHAD diagnosed PLAINTIFF with post-concussion syndrome, but failed to refer him to an otolaryngologist, or any other medical specialists to address his signs and symptoms of hearing, and vision loss.

37. Thereafter, from approximately October 2, 2019 until December of 2019, plaintiff continuously complained to Defendants MINOU ABSY-JAGHAD, M.D., HANI MEMBERS, P.A., and other JOHN and JANE DOES Medical Providers, Nos. 11-20 that he had headaches, blurry vision, ringing in both ears, that he was seeing spots and lightning bolts, and requested to see an eye doctor and a hearing specialist to follow up on his injuries. However, the defendants were deliberately indifferent to PLAINTIFF's health and safety, and failed to refer him to appropriate medical providers for treatment of plaintiff's injuries.

38. As a result, PLAINTIFF sustained serious and permanent injuries to his hearing in both ears, and required hearing aids upon his transfer to the New York State Department of Corrections in or about December of 2019.

39. PLAINTIFF suffered damage as a result of defendants' actions. PLAINTIFF was deprived of liberty, suffered emotional distress, mental anguish, fear, pain, permanent bodily injury, anxiety, embarrassment, humiliation, and reputational damage.

## CLAIM ONE

**Deliberate Indifference to Safety/Medical Needs**

40. PLAINTIFF repeats and realleges each and every allegation as if fully set forth herein.

41. Defendants, including the NCCC staff were aware of a risk to PLAINTIFF's safety and a need for medical care and failed to act. Defendants' inaction was the direct result of their deliberate indifference to PLAINTIFF's needs.

42. Specifically, defendants were deliberately indifferent to plaintiff's safety when they failed to protect him following his request to be transferred because the gang members posed a threat to his safety.

43. As a result of the defendants' acts and omission, PLAINTIFF was attacked on September 29, 2019 by the said gang members and sustained serious injuries to his head and face, which led to permanent vision and hearing loss.

44. The above injuries were further exacerbated by defendants' deliberate indifference to PLAINTIFF's medical needs following the above mentioned attack.

45. Specifically, defendants ignored plaintiff's sick calls for timely dressings change and did not address his complaints of blurry vision, compromised hearing and nausea.

46. Moreover, defendants MINOU ABSY-JAGHAD, M.D., HANI MEMBERS, P.A., and other JOHN and JANE DOES Medical Providers, Nos. 11-20 were deliberately indifferent to PLAINTIFF's health and safety, and failed to refer him to appropriate medical providers for treatment of plaintiff's injuries and provide him with accommodation for his lost hearing.

47. Accordingly, Defendants, including the NCCC staff Nassau County, NCCC staff, NHCC staff, and the Individual Defendants and John/Jane Doe staff, violated the Fourteenth and the Eighth amendments, and other constitutional amendment, because they acted with deliberate indifference to PLAINTIFF's medical needs and safety and subjected PLAINTIFF to cruel and unusual punishment.

48. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM TWO
## Negligence

49. PLAINTIFF repeats, reiterates, and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

50. Defendant Nassau County and NHCC had a long and substantial history of providing grossly inadequate medical treatment to inmates of NCCC.

51. Prison officials and staff, including Nassau County, NHCC, and the Individual Defendants and John/Jane Doe staff, have a duty of care to inmates, including the duty to protect and render proper medical treatment to inmates.

52. In relation to that duty of care, prison staff and officials including Nassau County and NHCC staff, and the Individual Defendants and John/Jane Doe staff, knew or should have known that PLAINTIFF faced a risk to his health and safety due to the fact that he sustained serious injuries to his head.

53. Prison officials, including NCCC staff, NHCC staff, and the Individual Defendants and John/Jane Doe staff, breached their duty to protect PLAINTIFF from harm by

failing to take any actions to protect him from these risks to his safety and were negligent in administering medical care in failing to adhere to generally accepted medical practices.

54. Specifically, defendants departed from good and accepted medical practice when they failed to address plaintiff's complaints of lack of timely dressing change and his complaints of blurry vision, hearing loss and nausea following the attack on September 29, 2019.

55. As a result, PLAINTIFF suffered serious personal injuries, pain and suffering, loss of life's pleasures, and emotional distress.

**CLAIM THREE**
**Failure To Intervene**

56. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

57. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

58. Accordingly, the defendants who failed to intervene violated the Fourth and the Fourteenth Amendments.

59. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

**CLAIM FOUR**
**Municipal Liability 42 U.S.C. § 1983**

60. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

61. In actively inflicting further harm and causing and allowing the emergence of conditions and failing to prevent the above stated failure, unprofessional behavior, mis-treatment, lack of treatment, denials and abuses incurred by PLAINTIFF the actions of Nassau County, NCCC, and the medical providers contracted with to provide services at NCCC, here, NHCC, and the Individual Defendants and John/Jane Doe staff, were unlawful, violative, inappropriate, abusive, unauthorized, and/or negligent due to their failure to adhere to and uphold their obligation to secure and protect the civil and constitutional rights of PLAINTIFF.

62. Defendants Nassau County, NCCC, NHCC and the Individual Defendants and John/Jane Doe staff, have permitted, tolerated and encouraged a long-standing pattern and practice of inadequate supervision, training and prevention of malpractice and mistreatment by their respective employees, agents, servant, professionals, administrators, officers and others as to persons in their custody, including but not limited to PLAINTIFF, DAVID KNUDSON.

63. Indeed, in July 2016, New York State Attorney General Eric T. Schneiderman filed a complaint alleging that the previous medical providers at NCCC either failed to perform or egregiously underperformed many of its contractual obligations to Nassau County and NCCC, thereby placing inmates' health in jeopardy.

64. In a statement Attorney General Schneiderman concluded, "Prison inmates rely on companies providing health services for a wide range of medical issues, many of which have gone untreated. Those struggling with chronic diseases, mental health and substance-abuse problems deserve comprehensive, reliable and high-quality medical care."[1]

[1] https://www.nassaucountyny.gov/DocumentCenter/View/17169

65. On October 18, 2016, a settlement agreement was reached by the Attorney General's Office in which NHCC's predecessor, Armor, agreed that for a period of three years it will not bid on or enter into any contract to provide jail health services in New York State and will pay $350,000.[2]

66. Indeed, NCCC recently settled a case for $450,000 with an inmate who in 2015 died while in the custody of NCCC because he was denied necessary care by NCCC and NCCC's medical provider, at the time, Armor.[3]

67. NCCC and its prior medical provider Armor were awarded $7.9 were deliberately indifferent to the medical need and treatment of inmate Ryan who took his life while at NCCC.

68. Defendants Nassau County, NHCC and the Individual Defendants and John/Jane Doe continual refusal to properly train, supervise, instruct, discipline and assure that the inappropriate, abusive, unauthorized, mal-practice and/or negligent actions of their respective employees, agents, servant, professionals, administrators, officers and others (including the failure to follow rules and regulations and the failure to adhere to generally accepted medical practices) was properly addressed constituted deliberate indifference to the rights, safety, and dignities secured by detainees, including PLAINTIFF.

69. In actively inflicting the harm caused to PLAINTIFF and allowing same to occur and failing to prevent the above stated failures and the abuses suffered by PLAINTIFF, the Defendants' actions were unlawful, violative, inappropriate, abusive, unauthorized, and/or so indifferent as to be willful, due to their failure to adhere to and uphold their obligation to secure and protect the civil and constitutional rights of PLAINTIFF.

[2] https://ag.ny.gov/sites/default/files/armor_settlement_document.pdf
[3] https://www.newsday.com/long-island/nassau/nassau-jail-inmate-health-care-settlement-1.50073047

70. Defendants Nassau County, NHCC and the Individual Defendants, and John/Jane Doe Defendants have permitted, tolerated and encouraged a custom, de facto policy, pattern and practice of inadequate supervision, training, malpractice, substandard treatment, and prevention of worsening of the medical conditions of its detainees.

71. This custom, de facto policy, pattern and practice caused the violation of PLAINTIFF's constitutional rights and was the proximate cause of exacerbation of PLAINTIFF's injuries. All those rights are guaranteed to PLAINTIFF by 42 U.S.C. §1983, the United States Constitution and New York State Law.

72. In failing to provide PLAINTIFF with proper medical care, defendants also failed to follow their own rules and regulations. Although such conduct was improper, the employees, servants, agents, contractors, officers, professionals and administrators involved were not prosecuted, disciplined or subjected to restraint, as the offending employees, servants, agents, contractors, officers, professionals and administrators and other officials were insulated with official claims that the actions were excusable, justified and proper.

73. Said official claims have been fully tolerated and backed by the COUNTY OF NASSAU, NHCC and the Individual Defendants and John/Jane Doe Defendants, who have repeatedly and unreasonably sided with the abuse of persons so affected in nearly all cases, despite vast evidence of wrongdoing by their employees, servants, agents, contractors, officers, professionals and administrators and other officials against detainees, including the PLAINTIFF herein.

74. The continual refusal to properly train, supervise, instruct, discipline, and assure that the inappropriate, abusive, unauthorized, improper, reckless, willful disregard to proper

actions, and/or negligent actions of their employees, servants, agents, contractors, officers, professionals and administrators and other officials (including failure to follow rules and regulations, adhere to standards and obligation, and properly document incidents with accurate reports) and insure that same was properly addressed constituted deliberate indifference to the rights, safety, and dignities secured by detainees (including the PLAINTIFF herein).

75. Upon information and belief, specific systemic flaws in the COUNTY correctional institution and all those performing duties their including, Nassau County, NHCC and the Individual Defendants and John/Jane Doe Defendants and the flaws in their review process include, but are not limited to, the following:

a. Preparing reports regarding inmates' complaints, investigations of breaches of duty of care as routine point-by-point justifications of their employees, servants, agents, contractors, officers, professionals and administrators and other officials' actions and/or failures, regardless of whether such actions and/or failures are justified;

b. Their employees, servants, agents, contractors, officers, professionals and administrators and other officials investigating breaches of duty of care systematically fail to credit testimony by non-institutional/municipal witnesses and uncritically rely on reports by their employees, servants, agents, contractors, officers, professionals and administrators and other officials involved in the incidents;

c. Employees, servants, agents, contractors, officers, professionals and administrators and other officials Correctional officers investigating breaches of duty of care fail to include in their reports relevant factual information which would tend to contradict the statements of the correctional officers involved;

d. Failing to follow up on the reports and findings of State and Federal Agencies about the deficiencies and improper actions, conditions created and harms caused by their employees, servants, agents, contractors, officers, professionals and administrators and other officials;

e. Supervisory and municipal personnel and officers issue public statements exonerating correctional officers for breaches of duty of care before the investigation of the incident has been completed;

f. Reports in breaches of duty of care cases are not reviewed for accuracy by supervisory officers and personnel. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

78. The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants Nassau County, NCCC, NHCC and the Individual Defendants and John/Jane Doe Defendants caused their employees, servants, agents, contractors, officers, professionals and administrators and other officials to believe that failures to adhere to and uphold their obligation to care for, properly treat, listen to and protect detainees and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that their employees, servants, agents, contractors, officers, professionals and administrators and other officials are most likely to disregard their obligations to detainees.

79. As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies, practices and customs of the Defendants Nassau County, NCCC, NHCC and the Individual Defendants and John/Jane Doe Defendants inadequately supervised their employees, servants, agents, contractors, officers, professionals and administrators and other officials and failed to prevent the assault on PLAINTIFF, and adequately respond to his medical needs, complaints, conditions, vital signs, ongoing and existing medical situations, failed to provide the necessary equipment and training for prevention and responses to medical emergencies, failed to prevent and adequately provide follow up care for PLAINTIFF's injuries that he sustained as a result of the assault. Defendants failed to meet good and accept standards of care and treatment to those in their custody and under their control, including the PLAINTIFF, and failed to follow their own rules and regulations, all in violation of her civil and constitutional rights.

80. Defendants did not employ appropriate procedures to prevent physical assault on the plaintiff, and failed to physically care for and treat the ailments of PLAINTIFF and failed to safeguard his health, physical well being, and life and Defendants' unreasonable conduct against PLAINTIFF was a direct result of the Defendants' failure to prevent and respond to the continuing and urgent need to train, oversee, supervise, restrain and discipline their employees, servants, agents, contractors, officers, professionals and administrators and other officials who failed to adhere to and uphold their obligation to care for, treat, maintain and protect detainees.

81. Defendants, their agents, employees and servants also failed to sufficiently investigate the truthfulness and accuracy of the factors and facts surrounding the assault on the plaintiff, and the information and statements of their employees, servants, agents, contractors, officers, professionals and administrators and other officials and instead acted under color of statute to knowingly, recklessly and/or negligently exonerate and clear their employees, servants, agents, contractors, officers, professionals and administrators and others of wrongdoing.

82. By permitting and assisting such a pattern of misconduct, Defendants Nassau County, NHCC and the Individual Defendants and John/Jane Doe Defendants acted under color of custom and policy to condone, encourage and promote the deprivation of PLAINTIFF's rights; to wit allowing their employees, servants, agents, contractors, officers, professionals and administrators to be encouraged to believe that their failure to care for, treat, listen to, provide proper treatment to and protect PLAINTIFF would be accepted with immunity, just as these actions have been so accepted to date.

83. Defendants Nassau County, NHCC and the Individual Defendants and John/Jane Doe Defendants did not employ appropriate procedures to physically and/or medically safeguard

PLAINTIFF and Collective Defendants' unreasonable conduct against PLAINTIFF was a direct result of the Defendants' failure to prevent and respond to the continuing and urgent need to provide reasonable, proper, adequate and necessary care that was appropriate and necessary to prevent further harm and worsening of medical conditions and to prevent to delivery of substandard treatment by persons not trained and properly credentialed to provide the care, interact with detainees at the level they did and have otherwise tailed to restrain and discipline their employees, servants, agents, contractors, officers, professionals and administrators and others who failed to adhere to and uphold their obligation to care for and protect detainees.

84. Upon information and belief, Nassau County, NHCC and the Individual Defendants and John/Jane Doe Defendants have been the previous subjects of court decrees relating to their systemic failures to address the needs of detainees and avoid violations of civil rights as have occurred in the instant case.

85. As a consequence of Defendants' systemic practice, pattern, and custom of intentionally promoting and supporting violations of 42 U.S.C. §1983, the United States Constitution and New York State law, PLAINTIFF was made to endure great pain and suffering, subject to violation of civil rights, great mental and emotional harm, summary punishment, fear, anxiety and terror. PLAINTIFF sustained damages and injuries, including but not limited to, special damages, unreasonable pain, discomfort, death and fear of death and losing her pregnancy, all as a result of the aforesaid unlawful, violative, inappropriate, abusive, unauthorized, and/or negligent conduct of Defendants, their agents, employees, and servants.

**PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: New York, New York
January 28, 2021

_______/s/_____________________

Katherine E. Smith
233 Broadway, Ste. 900
New York, New York 10279
Tel/ Fax: 347-470-3707
ksmith@legalsmithny.com
*Attorneys for PLAINTIFF*