UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DAVID KNUDSON,

Plaintiff,

- against -

COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU HEALTH CARE CORPORATION, INC., MINOU ABSY-JAGHAD, M.D. (provider #13996), HANI MEMBERS, P.A., JOHN and JANE DOE CORRECTIONAL CENTER Employees/Agents Nos. 1-10, and JOHN AND JANE DOES Medical Providers, Nos. 11-20, all defendants in their Individual and official capacities,

Defendants.
----------------------------------------------------------------X

CV-21-0582 (GRB) (ARL)

ANSWER ON BEHALF OF COUNTY DEFENDANTS

Defendants, County of Nassau, Nassau County Sheriff's Department, and the Nassau County Correctional Center (hereinafter collectively referred to as the "County Defendants"), by their attorney, Jared A. Kasschau, Nassau County Attorney, by Liora M. Ben-Sorek, Deputy County Attorney, Answer the Complaint (DE 1) upon information and belief as follows:

**<u>AS AND FOR AN ANSWER TO: "NATURE OF THE ACTION"</u>**

1. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Complaint.

2. Deny the allegations contained in paragraph 2 of the Complaint.

**<u>AS AND FOR AN ANSWER TO: "JURISDICTION AND VENUE"</u>**

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Complaint and respectfully refer questions of law to the Court.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint and respectfully refer questions of law to the Court.

**AS AND FOR AN ANSWER TO: "JURY DEMAND"**

6. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint.

**AS AND FOR AN ANSWER TO: "PARTIES"**

7. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint.

8. Deny the allegations contained in paragraph 8 of the Complaint but admit that the County of Nassau is a municipal corporation organized and acting pursuant to the laws of the State of New York, and respectfully refers questions of law to the Court.

9. Deny the allegations contained in paragraph 9 of the Complaint but admit that the Nassau County Correctional Center is a local correctional facility located in East Meadow, New York, and respectfully refers questions of law to the Court.

10. Deny the allegations contained in paragraph 10 of the Complaint but admits that the Nassau County Sheriff's Department is an administrative arm of the County of Nassau, and respectfully refers questions of law to the Court.

11. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Complaint, except avers that the Nassau Health Care Corporation was the medical provider at the Nassau County Correctional Center in the fall of 2019, and respectfully refer questions of law to the Court.

12. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint and respectfully refer questions of law to the Court.

13. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint and respectfully refer questions of law to the Court.

22. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint and respectfully refer questions of law to the Court.

23. Deny the allegations contained in paragraph 23 of the Complaint.

## AS AND FOR AN ANSWER TO: "STATEMENT OF FACTS"

24. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint.

31. Deny the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

**AS AND FOR AN ANSWER TO: "CLAIM ONE DELIBERATE INDIFFERENCE TO SAFETY/MEDICAL NEEDS"**

40. Responding to Paragraph 40 of the Complaint, the County Defendants repeat and reassert the responses contained in paragraphs 1 through 39, above, as if the same were more fully set forth at length herein.

41. Deny the allegations contained in paragraph 41 of the Complaint.

42. Deny the allegations contained in paragraph 42 of the Complaint.

43. Deny the allegations contained in paragraph 43 of the Complaint.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Complaint.

47. Deny the allegations contained in paragraph 47 of the Complaint.

48. Deny the allegations contained in paragraph 48 of the Complaint.

**AS AND FOR AN ANSWER TO: "CLAIM TWO NEGLIGENCE"**

49. Responding to Paragraph 49 of the Complaint, the County Defendants repeat and reassert the responses contained in paragraphs 1 through 48, above, as if the same were more fully set forth at length herein.

50. Deny the allegations contained in paragraph 50 of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the Complaint and respectfully refer questions of law to the Court.

52. Deny the allegations contained in paragraph 52 of the Complaint.

53. Deny the allegations contained in paragraph 53 of the Complaint.

54. Deny the allegations contained in paragraph 54 of the Complaint.

55. Deny the allegations contained in paragraph 55 of the Complaint.

## AS AND FOR AN ANSWER TO: "CLAIM THREE FAILURE TO INTERVENE"

56. Responding to Paragraph 56 of the Complaint, the County Defendants repeat and reassert the responses contained in paragraphs 1 through 55, above, as if the same were more fully set forth at length herein.

57. Deny the allegations contained in paragraph 57 of the Complaint.

58. Deny the allegations contained in paragraph 58 of the Complaint.

59. Deny the allegations contained in paragraph 59 of the Complaint.

## AS AND FOR AN ANSWER TO: "CLAIM FOUR MUNICIPAL LIABILITY 42 U.S.C. § 1983"

60. Responding to Paragraph 60 of the Complaint, the County Defendants repeat and reassert the responses contained in paragraphs 1 through 59, above, as if the same were more fully set forth at length herein.

61. Deny the allegations contained in paragraph 61 of the Complaint.

62. Deny the allegations contained in paragraph 62 of the Complaint.

63. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 63 of the Complaint.

64. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64 of the Complaint.

65. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 65 of the Complaint.

66. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 66 of the Complaint.

67. Deny the allegations contained in paragraph 67 of the Complaint.

68. Deny the allegations contained in paragraph 68 of the Complaint.

69. Deny the allegations contained in paragraph 69 of the Complaint.

70. Deny the allegations contained in paragraph 70 of the Complaint.

71. Deny the allegations contained in paragraph 71 of the Complaint.

72. Deny the allegations contained in paragraph 72 of the Complaint.

73. Deny the allegations contained in paragraph 73 of the Complaint.

74. Deny the allegations contained in paragraph 74 of the Complaint.

75. Deny the allegations contained in paragraph 75 of the Complaint.

76. Deny the allegations contained in paragraph 75(a) of the Complaint.

77. Deny the allegations contained in paragraph 75(b) of the Complaint.

78. Deny the allegations contained in paragraph 75(c) of the Complaint.

79. Deny the allegations contained in paragraph 75(d) of the Complaint.

80. Deny the allegations contained in paragraph 75(e) of the Complaint.

81. Deny the allegations contained in paragraph 75(f) of the Complaint.

82. Deny the allegations contained in paragraph 78[1] of the Complaint.

83. Deny the allegations contained in paragraph 79 of the Complaint.

84. Deny the allegations contained in paragraph 80 of the Complaint.

---

[1] There are no paragraphs enumerated 76 or 77 in the Complaint.

85. Deny the allegations contained in paragraph 81 of the Complaint.

86. Deny the allegations contained in paragraph 82 of the Complaint.

87. Deny the allegations contained in paragraph 83 of the Complaint.

88. Deny the allegations contained in paragraph 84 of the Complaint.

89. Deny the allegations contained in paragraph 85 of the Complaint.

## AS AND FOR AN ANSWER TO: "PRAYER FOR RELIEF"

90. Deny that Plaintiff is entitled to the relief requested in the "Wherefore" clause, including paragraphs (a). (b), (c), and (d) thereto.

## AFFIRMATIVE DEFENSES

91. Should Plaintiff recover damages as a result of a finding of liability in whole or in part as against the County Defendants, such recovery should be reduced and diminished in proportion to the degree of comparative negligence or fault or Plaintiff in contributing to such damages.

92. If the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the negligent, reckless and/or wrongful conduct of the Plaintiff without any negligence, recklessness and/or wrong doing on the part of the County Defendants, their agents, servants or employees contributing thereto.\

93. The alleged acts or omissions of the County Defendants were not the proximate cause of any injuries or damages allegedly incurred by Plaintiff. Any injuries or damages allegedly incurred by Plaintiff were the result of his own actions, the actions of others and/or the superseding intervention of causes outside the control of the County Defendants.

94. Plaintiff has not complied with Section 50-e and/or 50-i and/or 50-h of the General Municipal Law of the State of New York.

95. Plaintiff has not complied with Section 52 of the County Law of the State of New York.

96. Plaintiff has failed to mitigate damages in this matter.

97. Plaintiff fails to state a cause of action against the County Defendants.

98. At all times mentioned in the Complaint and herein mentioned, all employees of the County Defendants alleged to have anything to do with the Plaintiff acted in good faith and without malice.

99. The actions complained of were in full accord with the applicable law.

100. The alleged acts of conduct of the individual defendants herein, under the case of Monell v. New York City Department of Social Services does not create vicarious liability pursuant to the doctrine of respondeat superior and, consequently, the County of Nassau cannot be liable for any acts or conduct of any individual defendant herein as a matter of law.

101. Plaintiff has failed to extinguish all available state remedies and, therefore, is not entitled to institute the within claim.

102. Plaintiff has failed to exhaust all available administrative remedies.

103. Plaintiff's constitutional and statutory rights have not been violated by the County Defendants.

104. The County of Nassau, its agencies, departments and/or employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

105. The purported state law causes of action are barred by the statute of limitations.

106. Pursuant to CPLR Section 1603, the County Defendants assert the limitations contained in CPLR Sections 1601 and 1602 and all rights contained therein.

107. Punitive damages may not be recovered against the County of Nassau as a matter of law.

108. Defendants Nassau County Sheriff's Department and Nassau County Correctional Center are not suable entities.

WHEREFORE, Defendants, the County of Nassau, Nassau County Sheriff's Department and Nassau County Correctional Center, demand judgment dismissing the Complaint in its entirety and with prejudice, together with such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
March 23, 2021

JARED A. KASSCHAU
Nassau County Attorney
One West Street
Mineola, New York 11501
Attorney for Defendants
County of Nassau, NCSD
And NCCC

By: *Liora M. Ben-Sorek*
Liora M. Ben-Sorek
Deputy County Attorney
(516) 571-3014

To: Katherine E. Smith, Esq. (Via ECF)
233 Broadway, Suite 900
New York, New York 10279
(347) 470-3707
Attorney for Plaintiff